IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FILED
MAY 2 6 2006
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO. 06 CR 30064 WDS |
| ) | |
| UNITED AUTO PARTS, INC., ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

The attorney for the Government and the attorney for the Defendant have engaged in discussions and have reached an agreement pursuant to Federal Rule of Criminal Procedure 11. As a result of that agreement, the Defendant intends to plead guilty in this case. The full and complete Plea Agreement is as follows:

I.

1. Defendant, through its authorized representatives, will cooperate fully with the United States.

2. Defendant also agrees and acknowledges that its obligation to cooperate requires the corporation, through an authorized representative, upon request, to provide complete and truthful information to any Federal or State law enforcement agencies concerning any criminal activity about which the corporation is aware. Defendant agrees that any such information provided to law enforcement agencies will be complete and truthful.

3. Besides the foregoing, the Defendant will do all things deemed necessary by the United States Attorney and/or any law enforcement agents to assist law enforcement personnel in their investigations into activities in which the Defendant knows. United Auto Parts, Inc. agrees and acknowledges that such cooperation shall include, but not be limited to, the following, if requested by the United:

(a)  prompt production to the United States of any non-privileged document or record in the possession, custody, or control of United Auto Parts, Inc. relating to the subject matter of the investigation;

(b)  prompt production to the United States of copies of all reports, memoranda of interview, and other documents in its possession, custody, or control concerning any investigation of the subject matter of the Information which United Auto Parts, Inc. has undertaken, or which has been performed by its counsel or other agent, and waives any rights or privileges which otherwise apply to such production.

(c)  taking all reasonable measures available to United Auto Parts, Inc. to ensure that present and former officers, directors, agents, and employees of United Auto Parts, Inc. cooperate truthfully and completely with the United States in conjunction with ongoing investigations and prosecutions, including any non-attorney personnel who participated in or conducted any internal investigation of the subject matter of the Information; and,

(d)  taking all reasonable measures available to United Auto Parts, Inc. to make its officers, directors, and employees available to present testimony at any trial proceedings, where requested by the United States upon reasonable notice. Provided, however, notwithstanding any provision of this agreement, that United Auto Parts, Inc. is not required to request that its present or former officers, directors, or employees forego seeking the advice of an attorney, or take any action in response to their officers, directors, or employees seeking legal advice.

4.  The Defendant and the Government both agree that, pursuant to the United States Sentencing Commission *Guidelines Manual*, § 1B1.8 [hereinafter "U.S.S.G."], information that the Defendant provides pursuant to its obligation to cooperate fully under the terms of this agreement shall not be used in determining Defendant's applicable guideline range.

5.  Defendant will not be prosecuted in the Southern District of Illinois for any other crimes now known to the Government or to become known to the Government by virtue of Defendant's cooperation. Conditioned on United Auto Parts, Inc.'s material compliance with all terms of this Plea Agreement, the United States Attorney's Office for the Southern District of Illinois agrees that, except for the criminal Information that is the subject of this Plea Agreement, the Office will not prosecute United Auto Parts, Inc. or any current or former officer, director or employee of any such entity, or the

successors or assigns of any of them, for any criminal offenses now known by the U.S. Attorney's Office for the Southern District of Illinois, except that no release whatsoever is provided by this Plea Agreement for (i) any individual employee who has already been indicted or received a target or subject letter by the date this Plea Agreement was executed by the United States Attorney's Office for the Southern District of Illinois, or (ii) any individual employee who, in the sole discretion of the United States Attorney for the Southern District of Illinois, commits perjury, obstructs justice is subsequently indicted for perjury or obstruction of justice for conduct occurring during the course of related legal proceedings.  It is further understood that no action taken by the Government, pursuant to this paragraph, shall be grounds for the Defendant to withdraw his plea.

6. In conjunction with the provisions of paragraphs 1, 2, 3, and 4, herein above, Defendant specifically agrees and acknowledges that if it does not cooperate fully, then the United States is completely released from any obligation arising from this agreement and the Defendant is subject to full prosecution and punishment for any crime known to the Government at this time.  It is further understood that no action taken by the Government, pursuant to this paragraph, shall be grounds for the Defendant to withdraw his plea.

7. Defendant acknowledges that it has been advised and does fully understand the following:

   (a) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

   (b) that it has the right to plead not guilty or to persist in that plea if it has already been made, and it has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against it;

   (c) that if it pleads guilty, there will not be a further trial of any kind, so that by pleading guilty, it waives the right to a trial;

    (d)    that if it pleads guilty, the Court may ask it questions, through its authorized representative, about the offenses to which it has pleaded, and if the authorized representative answers these questions under oath, on the record, and in the presence of counsel, its answers may later be used against it in a prosecution for perjury or false statement;

    (e)    that if it pleads guilty, it will waive its right to persist in its plea of not guilty, to be tried by a jury, to have assistance of counsel at the trial, and to confront and cross-examine witnesses against it at trial;

8. Defendant agrees that this Plea Agreement and Stipulation of Facts constitutes the entire agreement between it and the United States and that no promises, inducements or representations, other than those specifically set forth in this Plea Agreement and Stipulation of Facts, were made to induce it to enter into this Plea Agreement and Stipulation of Facts.

9. It is further understood that this agreement is limited to the Southern District of Illinois, and cannot bind other federal, state or local prosecuting authorities. <u>It is further understood that this Plea Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceedings directly or indirectly involving Defendant.</u>

10. Defendant understands that this offense is subject to Title 28, United States Code, Section 994(a). Defendant has been advised and understands that the Sentencing Guidelines are advisory and that the Court will consider the applicable Guidelines in conjunction with 18 U.S.C. § 3553(a), in determining the appropriate sentence.

11. Defendant understands that pursuant to Title 18, United States Code, Section 3013, the Court will assess a "Special Assessment" of $400 per count as required by 18 U.S.C. § 3013(a)(1)(B). Defendant agrees that it will pay the full amount of the special assessment prior to or at the time of sentencing.

12. Defendant understands that the Court may impose a term of probation. *See* 18 U.S.C. § 3561(a); U.S.S.G. § 8D1.1.

13. Defendant understands that the Court may impose a fine, and costs of supervision <u>and that the Government will recommend the imposition of a fine</u>. The estimated costs of such supervision, pursuant to an advisory notice from the Administrative Office of the United States Courts dated March 31, 2004, are for supervision: $292.21 per month.

## II.

1. The Defendant will enter a plea of guilty to the one-count Information, charging: **OBSTRUCTION OF A FEDERAL AUDIT**, in violation of Title 18, United States Code, Section 1516, with a maximum penalty that can be imposed of a $500,000 fine and up to five years probation.

2. The Defendant understands that the Sentencing Guidelines are advisory only and that the Court has the discretion to sentence the Defendant anywhere up to the statutory maximum sentence after consideration of the Sentencing Guidelines, and the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense(s) and the criminal history and characteristics of the Defendant.

3. The United States and United Auto Parts, Inc. agree that pursuant to U.S.S.G. § 8C2.1, the provisions of § 8C2.2 through § 8C2.9 do not apply to the offense of conviction. Therefore U.S.S.G. § 8C2.10 directs that the Court should determine an appropriate fine by applying the provisions of title 18, United States Code, Sections 3553 and 3572. The parties agree that the appropriate fine is $46,255.02, for which payments could be made in monthly installments over a period of probation up to five (5) years. The parties further agree that the appropriate amount of restitution in this criminal matter is $3,744.98, payable to the Department of the Air Force, 375th Logistics Readiness Squadron, Scott Air Force Base, Illinois. Pursuant to 18 U.S.C. § 3612(f), the Defendant acknowledges an obligation to pay interest on any ordered fine and restitution. The Government agrees to agree to an early termination of probation, after one year if the fine, restitution, and special assessment are paid in full.

4. The Government and Defendant also submit to the Court that this submission is not intended to be binding on the Court and that the Court ultimately will determine the appropriate application of the United States Sentencing Guidelines after receiving the Presentence Report and giving both parties the opportunity to comment thereon. The Defendant expressly recognizes that, regardless of the appropriate application of the United States Sentencing Guidelines found by the Court, it will not be permitted to withdraw its plea. The Government and the Defendant agree their recommendations to the Court herein constitute the parties' good faith efforts to inform the Court of their beliefs as to the applicability of the United States Sentencing Guidelines and federal law to the relevant conduct of the offenses and acknowledge that it is the Court which is ultimately responsible for determining the appropriate sentence. The Government specifically reserves the right to argue for, present testimony, or otherwise support the Probation Office's or the Court's findings.

5. United Auto Parts, Inc. affirmatively states that it has sufficient assets to pay the entire criminal fine and restitution, and that United Auto Parts, Inc. has obtained and received the approval of its Board of Directors to pay the subject criminal fine and restitution at the time of sentencing. Robert Lelly additionally acknowledges and agrees to personally guarantee United Auto Pars, Inc.'s payment of the fine and further agrees that if United Auto Parts, Inc. becomes delinquent or in default on payment of the fine, that the United States can collect on the judgment by enforcing the judgement directly against Robert Lelly personally.

6. **The United States agrees not to seek an upward departure from the Guidelines.** The agreement to not seek a departure from the Guidelines is not binding upon the Court or the United States Probation Office and the Court may impose any sentence authorized by law.

7. The Defendant understands that by pleading guilty, the corporation is waiving all appellate issues that might have been available if it had exercised its right to trial. The Defendant states

that it is fully satisfied with the representation it has received from its counsel, that through its authorized representatives, they have discussed the Government's case, possible defenses and have explored all areas which the Defendant has requested relative to the Government's case and its potential defenses.

The Defendant is aware that Title 18, Title 28 and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and concessions made by the United States in this plea agreement, the Defendant knowingly and voluntarily waives its right to contest any aspect of its conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law.

Defendant's waiver of its right to appeal or bring collateral challenges shall not apply to: 1) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive by those Courts, and which renders the defendant actually innocent of the charges covered herein, and 2) appeals based upon Sentencing Guideline amendments which are made retroactive by the United States Sentencing Commission (see U.S.S.G. § 1B1.10). The Government reserves the right to oppose such claims for relief.

Defendant's waiver of its appeal and collateral review rights shall not affect the Government's right to appeal Defendant's sentence pursuant to Title 18, United States Code, Section 3742(b). This is because United States Attorneys lack any right to control appeals by the United States, through plea agreements or otherwise; that right belongs to the Solicitor General. 28 C.F.R. § 0.20(b).

Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any Department or Agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation, any records that may be sought

under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

8. Defendant waives all claims under the Hyde Amendment, Title 18, United States Code, Section 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

III.

1. Each person who signs this Plea Agreement in a representative capacity warrants that he or she is duly authorized to do so and is bound by its terms, obligations and conditions. United Auto Parts, Inc. shall provide to the United States and to the Court a copy of a Corporate Acknowledgment of the Plea Agreement affirming that the Board of Directors of United Auto Parts, Inc. has given it signatory authority to enter into the Plea Agreement on behalf of United Auto Parts, Inc. and that it has done the following:

(a) consulted with legal counsel in connection with this matter;

(b) voted to authorize United Auto Parts, Inc. to plead guilty to the charge specified in the Plea Agreement; and,

(c) voted to authorize a corporate representative to execute the Plea Agreement and any and all other documents necessary to carry out the provisions of the Plea Agreement. United Auto Parts, Inc further agrees that a duly authorized corporate officer and/or representative will appear on behalf of United Auto Parts, Inc and will enter the guilty plea and will also appear for the imposition of sentence. A duly executed resolution of the Board of Directors of United Auto Parts, Inc., approving this Plea Agreement is attached hereto as Exhibit A.

2. No matters are in dispute.

IV.

**ELEMENTS OF THE OFFENSE**

The Government and the Defendant submit the following as the legal elements of the offense to which the Defendant is pleading, and the Defendant agrees that its relevant conduct has violated the elements of the offenses.

To sustain the charge of OBSTRUCTION OF A FEDERAL AUDIT, in violation of Title 18, United States Code, Section 1516, the Government must prove the following propositions beyond a reasonable doubt:

(1)  the Defendant endeavored to obstruct or impede a Federal Audit;

(2)  with the intent to deceive or defraud the United States, and

(3)  it was related to a contract with the United States to receive $100,000 or more in any one year period.

United Auto Parts, Inc. is a corporation. A corporation may be found guilty of an offense.

A corporation acts only through its agents and employees, that is, those directors, officers, agents, employees, or other persons authorized or employed to act for it.

To sustain the charge of OBSTRUCTION OF A FEDERAL AUDIT against United Auto Parts, Inc., the government must prove the following propositions:

First, the offense charged was committed by an agent or employee of United Auto Parts, Inc.;

Second, in committing the offense, the agent or employee intended, at least in part, to benefit United Auto Parts, Inc.;

Third, the acts by the agent or employee were committed within the authority or scope of his employment.

For an act to be within the authority of an agent or the scope of the employment of an employee, it must deal with a matter whose performance is generally entrusted to the agent or employee by United Auto Parts, Inc..

It is not necessary that the particular act was itself authorized or directed by United Auto Parts, Inc..

9

If an agent or an employee was acting within the authority or scope of his employment, United Auto Parts, Inc. is not relieved of its responsibility because the act was illegal, contrary to United Auto Parts, Inc.'s instructions, or against its general policies. You may, however, consider the existence of United Auto Parts, Inc.'s policies and instructions and the diligence of its efforts to enforce them in determining whether the agent or employee was acting with intent to benefit United Auto Parts, Inc. or within the scope of his employment. [5.03 7TH CIRCUIT PATTERN JURY INSTRUCTION]

|  |  |
|---|---|
| _____ <br> UNITED AUTO PARTS, INC. <br> Defendant <br> [through its authorized corporate representative] | RANDY G. MASSEY <br> Acting United States Attorney <br><br> _____ <br> NORMAN R. SMITH <br> Assistant United States Attorney |
| _____ <br> ROBERT LELLY, as authorized corporate representative and personal guarantor of fine |  |
| _____ <br> JUSTIN KUEHN <br> Attorney for Defendant |  |
| Date: May 26, 2006 | Date: May 26, 2006 |

# UNITED AUTO PARTS, INC.
## Corporate Resolution

I, *Robert A. Lelly*, President and Chairman of the Board of Directors of United Auto Parts, Inc. hereby certify that at a[n] ~~Special~~ meeting of the Corporation's Board of Directors, the Board adopted and approved the following resolutions:

**WHEREAS**, the government has conducted an investigation of United Auto Parts, Inc., and its officers, employees and agents pertaining to a contract between United Auto Parts, Inc. and the United States Department of Air Force, Scott Air Force Base.

**WHEREAS**, United Auto Parts, Inc., is an Illinois corporation qualified to do business in the State of Illinois.

**WHEREAS**, United Auto Parts, Inc., has consulted with legal counsel, is satisfied with that legal representation, and has determined to enter a plea of guilty to the charge of Obstruction of a Federal Audit, pursuant to a plea agreement with the United States.

**NOW THEREFORE, BE IT RESOLVED**, that the directors of United Auto Parts, Inc., have voted and hereby authorize Robert A. Lelly, as President, to:

(1) enter into and execute, on behalf of United Auto Parts, Inc., a Stipulation of Facts and a Plea Agreement for the purpose of resolving all criminal charges against United Auto Parts, Inc., or its officers, employees and agents regarding or related to the government's investigation of United Auto Parts, Inc;

(2) to represent that the statements contained in the Stipulation of Facts are true and accurate;

(3) to appear in Court to enter a guilty plea and to appear in Court at the time of sentencing;

(4) to represent to the Court and to the United States that United Auto Parts, Inc has sufficient assets to pay a court ordered fine and the special assessment;

(5) to execute any other documents and take such other actions as necessary to effectuate the sentence of the Court, including any conditions of probation.

Dated: May 24, 2006

_____
Robert A. Lelly, President
Chairman, Board of Directors
United Auto Parts, Inc.